**PACIFIC SOUND RESOURCES, a Washington non-profit corporation; and The Port of Seattle, a Washington municipal corporation, Plaintiffs–Appellants,**

v.

**BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, a Delaware corporation; J.H. Baxter & Co., a California limited partnership;**

J.H. Baxter & Co., a California corporation; and J.H. Baxter & Co., Inc., a California corporation, Defendants–Appellees.

Nos. 06–35455, 07–35295.

United States Court of Appeals, Ninth Circuit.

Argued Nov. 6, 2007.

Submitted July 2, 2008.

Filed July 11, 2008.

Rodney L. Brown, Jr., Stephen J. Tan, David D. Dicks, Esq., Cascadia Law Group PLLC, Gillis E. Reavis, Foster Pepper, PLLC Seattle, WA, for Plaintiffs–Appellants.

Thomas D. Adams, Bullivant Houser Bailey, PC, Karr Tuttle Campbell, James C. Hanken, Law Offices of James C. Hanken, Seattle, WA, John F. Barg, Marc A. Zeppetello, Barg Coffin Lewis & Trapp, LLP, San Francisco, CA, for Defendants–Appellees.

Before: CANBY, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM *

Pacific Sound Resources ("PSR") brought this action against Burlington Northern and Santa Fe Railway ("the Burlington") for contribution under Washington's Model Toxics Control Act, Washington Revised Code § 70.105D.080 ("the Act").[1] The district court dismissed PSR's claims against the Burlington for lack of subject matter jurisdiction, holding that PSR lacked Article III standing to sue. The court awarded attorneys' fees to the Burlington as a prevailing party under the Act. PSR appeals both orders. We have jurisdiction pursuant to 28 U.S.C. § 1291.

### A. PSR's Standing

We review de novo the district court's determination that a party lacks standing.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.

1. The Port of Seattle was also a plaintiff and appellant in this action, but it entered a voluntary dismissal of its appeal with prejudice. That dismissal was confirmed by separate order; it does not affect PSR's appeal.

*See Buono v. Norton,* 371 F.3d 543, 546 (9th Cir.2004). The district court found that PSR had suffered actual injury fairly traceable to the challenged action of the defendant, and that PSR thus had satisfied the first two prongs of standing analysis. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (setting forth elements of constitutional standing as (1) injury in fact, (2) traceable to action of the defendant, and (3) likely to be redressed by a favorable decision). The district court nonetheless declined to find standing because PSR was obligated to pay any funds it recovered to the PSR Trust. The court concluded that this obligation meant that the injury to PSR was not redressable, as required by *Lujan. See also Simon v. E. Ky. Welfare Rights Org.,* 426 U.S. 26, 43–46, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976).

An intervening decision of the United States Supreme Court undermines this ruling. In *Sprint Communications Co. v. APCC Services, Inc.,* — U.S. ——, 128 S.Ct. 2531, 171 L.Ed.2d 424 (2008), the Supreme Court held that a plaintiff's obligation to turn the proceeds of its litigation over to a third party does not deprive that plaintiff of Article III standing that it otherwise enjoys. *Id.* at 2535–36. The Supreme Court stated that the inquiry regarding redressability "focuses, as it should, on whether the *injury* that a plaintiff alleges is likely to be redressed through the litigation—not on what the plaintiff ultimately intends to do with the money he recovers." *Id.* at 2542. Here, PSR has suffered a direct injury in cleanup expenses which would be remedied by an award of contribution from the Burlington, and that remedy is not undone by PSR's obligation to turn the funds it recovers over to the PSR Trust. We therefore conclude that the district court erred in dismissing PSR's contribution action for lack of subject matter jurisdiction.

**B.   Attorneys' Fees**

After dismissing PSR's claim, the district court awarded attorneys' fees to the Burlington as a prevailing party under the Act. *See* Wash. Rev.Code § 70.105D.080 (2007) ("The prevailing party in [an action under the Act] shall recover its reasonable attorneys' fees and costs."). Because we reverse the summary judgment against PSR, the Burlington is not now a prevailing party with respect to PSR. We therefore vacate the award of attorneys' fees.

**C.   Conclusion**

The summary judgment dismissing PSR's contribution action for lack of standing is reversed, and the matter is remanded. The award of attorneys' fees to the Burlington is vacated. PSR is entitled to its costs on appeal.

**REVERSED IN PART, VACATED IN PART, and REMANDED.**